08-5833-cv
Britto v. Salius

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
            *Circuit Judges*.

_____

DAVID BRITTO,

      *Plaintiff-Appellant*,

        v.                      No. 08-5833-cv

SALIUS, LT, GARGIULO, LT, BUTKIEWICUS, LT, CASEY JR., LT, DUNN, OFCR, PAFUMI, OFCR, KAPARIDIS, OFCR, HAYES, OFCR, HOWES, OFCR, KANE, OFCR, LAUGHTON, K-9 OFCR, KEVIN POWER, MENTAL HEALTH, STEVE, MEDICAL,

      *Defendants-Appellees*.

_____


For Plaintiff-Appellant:     ERSKINE D. MCINTOSH, Hamden, CT

For Defendants-Appellees:   GREGORY T. D'AURIA, Senior Appellate Counsel (Deann S. Varunes, Assistant Attorney General, *on the brief*), *for* Richard Blumenthal, Attorney General, Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Smith, *M.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David Britto appeals the district court's October 30, 2008 denial of his Fed. R. Civ. P. 60(b) motion for relief from the dismissal of his case. The district court denied Britto's motion on the grounds that the case had already been settled. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Appellant presents two different arguments for reversal, one through counsel in his brief and one via *pro se* oral argument. Through counsel, he argues that the district court erred in concluding that an oral agreement was binding on the parties without being memorialized in writing or on the court record; *pro se*, he argues that no oral agreement was in fact reached. Britto's counsel and the Appellees agree that, at the May 19, 2008 settlement conference, Britto agreed to settle his claim for $1,000. No papers were filed by either side prior to District Judge Droney's June 25, 2008 order dismissing the case in the light of the settlement. In his brief to this Court, however, counsel alleges that "[o]n or about June 18" Britto informed his attorney that he wished to rescind the settlement, and that his attorney then "orally related" this desire to defense counsel. On August 4, 2008, Britto's counsel filed a motion pursuant to Rule 60(b)(1) and (6) asking the district court to set aside its dismissal of the case. The motion was referred to Magistrate Judge Smith, who denied it, noting that "[t]his case was settled on May 19, 2008."

This Court reviews a district court's denial of a Rule 60(b) motion for abuse of discretion. *Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007). We review the district court's factual findings, including whether a settlement agreement exists and the parties assented

to it, for clear error. *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005).

Under Rule 60(b) a district court may relieve a party from a final judgment for, *inter alia*,

mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. Fed.

R. Civ. P 60(b)(1), (6). Britto's submission through counsel appears to articulate two separate

grounds for relief under Rule 60(b): his change of heart in deciding that he did not want to settle,

and the fact that the parties took no action following the settlement conference to memorialize

the agreement in writing. Neither ground is sufficient for this Court to find that the district court

abused its discretion in denying his motion.

Parties may enter into a binding settlement agreement orally, and such agreement remains

in force "even if a party has a change of heart." *Powell*, 497 F.3d at 129. Thus, Britto's desire to

rescind is not grounds for relief under Rule 60(b). Britto's brief also argues that the settlement

agreement was incomplete because he had not "executed" it, he did not sign a general release

form, and he did not move for voluntary dismissal of the case. *See Klein v. Chatfield*, 166 Conn.

76, 80 (1974) ("A contract is not made so long as, in the contemplation of the parties, something

remains to be done to establish the contractual relation."). He offers no evidence, however, that

the parties contemplated that further action would be necessary to finalize the agreement.

This Court has articulated a presumption that "[s]ettlements of any claim are generally

required to be in writing or, at a minimum, made on the record in open court." *Ciaramella v.

Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 326 (2d Cir. 1997). The only record of the agreement

discernable on appeal is the district court's May 19, 2008 electronic order stating, in relevant

part: "The parties have reached an agreement and the case has settled." This Court has identified

four factors to be considered in deciding whether, in the absence of a writing, the parties intended

-3-

to be bound by an agreement: (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the agreement; (3) whether all of the terms of the alleged agreement have been agreed upon; and (4) whether the agreement at issue is the type that is usually committed to writing. *Id.* at 323. No factor is decisive, but each provides guidance. *Id.*

There is no indication in the record that the parties had any intention to reduce the agreement to writing, let alone that Britto expressly reserved his right not to be orally bound. The record does not contain information as to performance, and it appears that the parties agreed to all the relevant terms. As to the fourth factor, agreements of the sort committed to writing are generally ones that involve complex terms or have long-term effects. *See, e.g.*, *Ciaramella*, 131 F.3d at 326 (eleven-page agreement containing numerous provisions applying into perpetuity); *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 83 (2d Cir. 1985) (four page settlement agreement containing obligations lasting several years). In this case the agreement was a simple exchange of cash for termination of the lawsuit, and had no far-reaching effects. On balance, there is no indication that the parties did not intend to be bound by the agreement they reached at the May 19 settlement conference.

At oral argument, Britto himself presented a different version of events. He asserted that, at the settlement conference, he never told his attorney that he agreed to accept appellees' offer, and told his attorney only that he would consider it; Britto claims that he later attempted to communicate to his attorney that he had decided against the agreement. This account, however, cannot change the result of the present appeal.

First, Britto acknowledged that he was not present when his attorney reported his response to the proposed agreement to the Magistrate Judge and appellees' counsel. Since courts must rely on the representations of counsel about their client's positions, Britto's version of events does not undermine the district court's conclusion, and counsel's concession, that a settlement had been reached and reported to the court. Britto is bound by the actions of his retained counsel on his behalf. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). Second, Britto's version of events was never presented to the district court. As an appellate tribunal, we cannot and do not resolve factual disputes. We may only rely on the evidentiary record developed below. *See United States v. Garcia*, 413 F.3d 201, 227 (2d Cir. 2005). If Britto seeks to have the district court consider his version of events as possible grounds for granting him relief from dismissal, an appeal to this Court is not the means to do so. Finally, Britto's account of events suggests no error by the district court, but rather a disagreement with his attorney, who Britto claims either misunderstood or misrepresented his desires. That is a matter for a different dispute, with different parties, than the present action.

Accordingly, we find that the district court's determination that there was a conclusive and binding settlement agreement was not clearly erroneous, and the court did not abuse its discretion in denying Britto's Rule 60(b) motion. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____